UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81342-DIMITROULEAS/MCCABE

DEZDEMONA BARDHUSHI,

    Plaintiff,

v.

KILOLOL KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report & Recommendation Affirming Social Security Decision, entered by Magistrate Judge McCabe on December 29, 2023 (the "Report") [DE 25]. The Court has conducted a *de novo* review of the Report [DE 25] and has carefully considered Plaintiff Dezdemona Bardhushi ("Plaintiff" or "Bardhushi")'s Objections to the Magistrate Judge's Report & Recommendation [DE 26] (the "Objections"), Defendant Commissioner of Social Security ("Defendant" or "Commissioner")'s Amended Response to Plaintiff's Objections [DE 29], and Plaintiff's Reply [DE 30]. The Court is otherwise fully advised in the premises.

**I.    BACKGROUND**

On October 3, 2020, Plaintiff Dezdemona Bardhushi ("Bardhushi") filed application(s) for Social Security Disability and/or Supplemental Security Income benefits. On March 10, 2022, an Administrative Law Judge ("ALJ") entered an unfavorable decision on Bardhushi's application for disability benefits. The ALJ decision was affirmed by the Appeals Council on March 25, 2022. On August 31, 2022, Bardhushi filed suit in federal district court against the

Commissioner. *See* [DE 1] (the "Appeal"). In the Appeal, Plaintiff seeks review and reversal of the ALJ's decision. *See id.*

Upon the assignment of the Appeal to this Court, the matter was referred by the undersigned to United States Magistrate Judge Ryan McCabe for appropriate disposition or report and recommendation. *See* [DE 5]. On August 6, 2023 and September 29, 2023, Plaintiff and Commissioner filed cross-motions for summary judgment. *See* [DE's 20, 23]. On December 29, 2023, Magistrate Judge McCabe entered a thorough, detailed Report & Recommendation Affirming Social Security Decision, recommending that the Commissioner's final decision be affirmed. *See* [DE 25].

## II.   STANDARD OF REVIEW

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Plaintiff's objections.

### III.   DISCUSSION

First, Plaintiff objects to the Report by arguing that the Magistrate Judge erred in finding that the ALJ's failure to consider and assign weight to Dr. Campbell's opinion was harmless. In the Report, the Magistrate Judge determined that Dr. Campbell's statement that Plaintiff was "barely ambulatory" qualified as a medical opinion under 20 C.F.R. § 404.1513(a)(2)(i) since it opined as to what Plaintiff could still do despite impairments. *See* [DE 25] at pp. 7-8. However, the Magistrate Judge found that the error of failing to assign a weight to this medical opinion was harmless because the ALJ provided a sufficiently clear rationale. *See* [DE 25] at pp. 8-9. Based upon the Court's careful consideration of the arguments presented by both sides, the Court agrees with the Defendant that the vague statement that Plaintiff was "barely ambulatory due to weakness and sensory deficit" does not identify what Plaintiff could still do despite her impairments and what actual limitations she had in performing the physical demands of work, and therefore the statement does not qualify as a medical opinion under the revised regulations. Therefore, there was no error by the ALJ. Alternatively, the Court agrees with the Magistrate Judge that, to the extent that the ALJ did err in failing to weigh Dr. Campbell's opinion, it was harmless. The Court overrules this objection.

Second, Plaintiff objects to the Report by arguing that the Magistrate erred in failing to address Plaintiff's claim that the ALJ's assessment of Dr. Campbell's and Dr. Noble's opinions did not satisfy the requirements of 20 C.F.R. § 404.1520c.[1] Plaintiff argues that the ALJ did not satisfy 20 C.F.R. § 404.1520c because (1) she failed to discuss Dr. Campbell's opinion that Ms. Bardhushi was "barely ambulatory," consider its supportability and consistency with the record,

---

[1] 20 C.F.R. § 404.1520c provides that, when evaluating the persuasiveness of a medical opinion, the ALJ must consider (1) supportability, (2) consistency, (3) the source's relationship with the patient, (4) the source's specialty, and (5) "other factors that tend to support or contradict" the opinion. *Id.* at § 404.1520c(c)(1)-(5).

and assess its persuasiveness and (2) she failed to consider the consistency of Dr. Noble's opinion that an assistive device was medically necessary with Dr. Campbell's opinion when she found Dr. Noble's opinion unpersuasive. Based on the Court's ruling, *supra*, regarding Dr. Campbell's opinion, the Court overrules this objection with regard to Dr. Campbell's opinion. With regard to Dr. Noble's opinion, the ALJ's decision otherwise properly considered the requirements of 20 C.F.R. § 404.1520c. The Report comprehensively discusses the ALJ's evaluation and conclusions regarding Dr. Noble's opinion. The Court overrules this objection.

Third, Plaintiff objects to the Report by arguing that the Magistrate erred in finding that the ALJ properly considered Plaintiff's non-severe mental limitations when assessing her RFC. However, Plaintiff does not challenge the ALJ's discussion and findings that Plaintiff's mental limitations were only mild in two areas, that she had no limitations in the other two areas, and that Plaintiff did not meet her burden in providing evidence showing that her mental impairments were severe. *See* 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities"). Accordingly, Plaintiff fails to demonstrate an error in the ALJ's RFC finding. The Court overrules this objection.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 25] is hereby **APPROVED**;

2. Plaintiff's Objections [DE 26] are hereby **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [DE 20] is hereby **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 23] is hereby **GRANTED**;

5. The ALJ's decision is **AFFIRMED**; and

6. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of January, 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record
Magistrate Judge McCabe